CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP - 4 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LATRON DUPREE BROWN, ) | Civil Action No. 7:14-cv-00576 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| ALBEMARLE COUNTY POLICE ) | | |
| DEPARTMENT, et al., ) | By: Hon. Jackson L. Kiser | |
| Defendants. ) | Senior United States District Judge | |

Latron Dupree Brown, incarcerated and proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 against the Albemarle County Police Department and local police officers associated with the Jefferson Area Drug Enforcement Task Force. Plaintiff alleges that the police officers' use of excessive force, denial of medical assistance, and unlawful search of his mother's home violated his federal rights. Defendants filed motions to dismiss, and Plaintiff responded, making the matter ripe for disposition. After reviewing Plaintiff's submissions, I grant in part and deny in part the motions to dismiss.

I.

Plaintiff alleges the following facts in the complaint as his first two claims:

> On [December 19, 2013,] . . . I was pulled out of the vehicle I was inside after Sgt[.] Johnson busted the driver's side window out with his handgun. I was pulled to the ground then handcuffed[.] Officer J. Seitz[,] Mark Jones[,] Sgt. Brake[,] Officer Wormley[,] and Tavis Coffin all place th[ei]r[] hands and knees on top of my back as I layed [sic] face down posing no threat to Officers or resistance[.] Dell Johnson started twisting my wrist until it broke[.] [H]e then placed his knee on top of my he[a]d forcing my face to the concrete.
>
> On [December 19, 2013], Tavis Coffin ordered Officer McCall to ta[z]e me two times in the back while I layed face down handcuffed without resistance[,] posing no threat[, and] moving in pain from my wrist being broken. An ambulance arrived[.] Dell Johnson, Jon Seitz, Sgt[.] Brake[,] Officer McCall, Mark Jones, Wormley, [and] Tavis Coffin denied me medical treatment.

(Compl. 3.)

For his third claim, Plaintiff alleges that defendants Johnson, Frazier, Hatter, and McKay entered his mother's home without a search warrant and while no one was present. For his fourth claim, Plaintiff alleges that Defendants are withholding possible exculpatory evidence recorded from a police cruiser's dash camera. State court records reflect that Plaintiff pleaded no contest to multiple narcotics and firearm charges related to the events described in the complaint and will be sentenced in November 2015.[1]

## II.

I must grant a defendant's motion to dismiss if I determine that the complaint fails to state a claim on which relief may be granted. Resolving this question under the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires me to accept Plaintiff's factual allegations as true.[2] Furthermore, a complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief," and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

---

[1] See In Re Katrina Canal Breaches Consol. Litig., 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

[2] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

2

## III.
### A.

Claims against defendant Albemarle County Police Department are dismissed because the Albemarle County Police Department is not an entity capable of being sued. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988); Hearn v. Hudson, 549 F. Supp. 949, 952 n.1 (W.D. Va. 1982). Accordingly, Albemarle County Police Department is terminated as a defendant.

### B.

A claim that a law enforcement officer used excessive force in the context of an arrest, like breaking Plaintiff's wrist, is analyzed under the "objectively unreasonable" standard of the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 394 (1989). "To gauge objective reasonableness, a court examines only the actions at issue and measures them against what a reasonable police officer would do under the circumstances." Rowland v. Perry, 41 F.3d 167, 172 (4th Cir. 1994). Plaintiff's allegations do not describe any reasonable need, from the perspective of a reasonable officer at the scene, for Johnson to break Plaintiff's wrist while Plaintiff was complicit during his arrest. Accordingly, this claim shall proceed against defendant Johnson.

Plaintiff further alleges that defendants Johnson, Seitz, Jones, Brake, Wormley, and Coffin placed their hands and knees on Plaintiff's back and head to effectuate his handcuffing and to secure his arrest. This simple allegation of routine "force" is insufficient to state an excessive force claim under the Fourth Amendment. See, e.g., Cooper v. City of Va. Beach, Va., 817 F. Supp. 1310, 1315 (E.D. Va. 1993) ("[H]andcuffing [an] arrestee does not constitute unreasonable force."). Accordingly, Defendants' motion to dismiss this particular claim is granted.

A claim that a law enforcement officer deliberately used excessive force after an arrest is complete, like the Taser allegedly used in this case, is analyzed under the "objectively unreasonable" standard of the Fourteenth Amendment. Kingsley v. Hendrickson, No. 14-6368,

3

__ U.S. __, 2015 U.S. LEXIS 4073, *11-12, 2015 WL 2473447, *5 (U.S. June 22, 2015); see, e.g., Riley v. Dorton, 115 F.3d 1159 (4th Cir. 1997) (en banc), abrogated in irrelevant part by Wilkins v. Gaddy, 559 U.S. 34 (2010). Although subject to various interpretations, courts have concluded that an arrestee or pretrial detainee may not be "punished" without sufficient cause. See, e.g., Riley, 115 F.3d at 1162-65. A plaintiff can prevail under the Fourteenth Amendment "by providing . . . objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." Kingsley, 2015 U.S. LEXIS 4073 at *14; 2015 WL 2473447 at *6. Consequently, factors a court may consider to determine whether force was objectively unreasonable include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Id., 2015 U.S. LEXIS 4073 at *12-13; 2015 WL 2473447 at *6. In this case, Plaintiff alleges he was laying on the ground and handcuffed when he was tased without cause. Accordingly, Plaintiff sufficiently states that he suffered undue punishment by being tased, and this claim shall proceed against defendants Coffin and McCall.

A claim that a government official failed to provide medical treatment to an arrestee is also analyzed under the Fourteenth Amendment. The right of an arrestee complaining of inadequate medical care under the Fourteenth Amendment is "at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983). Consequently, a pro se complaint must allege sufficient facts to describe deliberate indifference to the arrestee's serious medical needs. See, e.g., Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Young v. City of Mt. Ranier, 238 F.3d 567, 575 (4th

4

Cir. 2001) (endorsing the use of an Eighth Amendment deliberate indifference standard to adjudicate a Fourteenth Amendment medical claim from a pretrial detainee).

Liberally construing the complaint in a light most favorable to Plaintiff, Plaintiff alleges sufficient facts to state such a claim against defendants Johnson, Seitz, Brake, McCall, Jones, Wormley, and Coffin. Plaintiff has alleged that all the defendants were present when Plaintiff was writhing in pain on the ground underneath or in front of all the defendants after Johnson broke his wrist, which is an objectively serious injury and ostensibly caused Plaintiff to cry out in pain.[3] These defendants failed to ensure that Plaintiff received any medical care to treat his obvious pain or broken wrist, either from the paramedics or directly from defendants themselves. See, e.g., Farmer v. Brennan, 511 U.S. 825, 834 (1994); Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008); Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990). Viewing the inferences in Plaintiff's favor, it is quite plausible that Defendants were exposed to and disregarded Plaintiff's pain, which was either known to them or would be apparent to a reasonable person in their positions. See Miltier, 896 F.2d at 851-52. Consequently, Plaintiff sufficiently presents a medical deliberate indifference claim against defendants Johnson, Seitz, Brake, McCall, Jones, Wormley, and Coffin, and the claim shall proceed.

## C.

In claims three and four, Plaintiff complains about an unlawful search of his mother's home and Defendants' or the Commonwealth's failure to relinquish alleged exculpatory evidence before trial. Pursuant to Heck v. Humphrey, 512 U.S. 477, 486-88 (1994), and Younger v. Harris, 401 U.S. 37 (1971), I decline to exercise jurisdiction over claims three and four. Plaintiff has not

---

[3] While the pain the Taser inflicted is certainly relevant to the claim of excessive force, Plaintiff has not alleged sufficient facts to indicate that use of the Taser resulted in a medical complication or otherwise manifested as a serious medical need during or after its use.

5

shown favorable termination of the state criminal proceedings, he can pursue these claims in state courts, and I find no extraordinary circumstance to warrant interfering with the state sentencing hearing. See, e.g., Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994). Accordingly, claims three and four are dismissed without prejudice.

## IV.

For the foregoing reasons, claims three and four are dismissed without prejudice, and Defendants' motions to dismiss are denied in part and granted in part. Defendant Albemarle County Police Department's motion to dismiss is granted, and it is terminated as a defendant. The remaining motions to dismiss are granted as to the denial of medical assistance for any medical treatment related to the use of the Taser and for the use of force by Johnson, Seitz, Jones, Brake, Wormley, and Coffin by using their hands and knees on Plaintiff's back and head. The remaining motions to dismiss are denied as to the alleged excessive force by Johnson for breaking Plaintiff's wrist, the alleged excessive force by Coffin and McCall for using the Taser, and the alleged deliberate indifference by Johnson, Seitz, Brake, McCall, Jones, Wormley, and Coffin to the need for medical treatment of Plaintiff's pain and broken wrist. The remaining defendants shall file a motion for summary judgment supported by affidavits.

ENTER: This 4th day of September, 2015.

/s/ Jackson L. Kiser
Senior United States District Judge